COUNTY OF HENNEPIN *vs.* CHARLES J. BARTLESON.

August 8, 1887.

| 37 | 343 |
| 57 | 300 |
| 37 | 343 |
| f82 | 369 |

**Constitution—Local Assessments—Charter of Minneapolis.**—The provisions of the city charter of Minneapolis in respect to local assessments for building sidewalks (Sp. Laws 1881, pp. 462, 482) are constitutional and valid.

In proceedings in the district court for Hennepin county, to enforce payment of taxes delinquent on the first Monday of January, 1886, against lands in that county, the defendant Bartleson appeared and answered, as owner of certain lots in Minneapolis, alleging that a certain special assessment for the construction of a sidewalk in front of such lots was invalid, for the reason (among others alleged) that it was levied under a law (Sp. Laws 1881, pp. 462, 482) which is unconstitutional in that it does not authorize, require, or provide for any notice to the owners of the property to be assessed for making the sidewalk that such assessment will be made. The cause was heard by *Lochren*, J., on an agreed statement of facts, and judgment was ordered against the lots for the special assessment in dispute as well as for the other taxes. Thereupon the case was certified to this court, pursuant to Gen. St. 1878, c. 11, § 80.

*F. F. Davis*, for the County.

*Robinson & Baker* and *Chas. J. Bartleson*, for defendant.

VANDERBURGH, J.[1] The assessment in this case proceeds under the taxing power. *Noonan* v. *City of Stillwater*, 33 Minn. 198, (22 N. W. Rep. 444.) The legislature may direct local improvements of a public nature to be made, and the expense thereof to be levied upon the particular tax-district interested, without any intermediate proceedings to determine the necessity or propriety of the improvements, or the necessary cost or expense thereof. *Guilder* v. *Town of Otsego*, 20 Minn. 59, (74.) In so doing, the legislature exercises its own discretion. It may also delegate to a municipal corporation the right to

[1] Berry, J., because of illness, took no part in this case.

make such local improvements, and may authorize appropriate proceedings to ascertain the necessity and cost thereof, without notice to the tax-payers or property holders interested. The cost of such improvements may be levied upon property specially benefited, or fronting on the same, in such manner as the legislature may prescribe. This does not touch the question as to their right to be heard in subsequent proceedings. The assessment complained of in this case was levied upon abutting property for the expense of a sidewalk, in accordance with the provisions of the charter of the city of Minneapolis; and the question raised here is in respect to the validity of such charter provisions.

Chapter 8, § 12, of the charter, (Sp. Laws 1881, c. 76, p. 462,) provides that, whenever the city council deem it necessary that a sidewalk should be constructed, it shall, by resolution, direct such construction, specifying width and material. The publication of such resolution is made notice to land-owners, who are given two weeks in which to build such sidewalk. If not built, the council is then required to ascertain the cost, and assess the same upon abutting premises, and cause the work to be done by contract or the street commissioner, as the council may determine. Chapter 10, § 10, (p. 482,) contains other and more specific directions for ascertaining the cost of sidewalks not constructed by the land-owners, together with the form of assessment-roll, which, by section 15, is, when completed, to be transmitted to the county auditor, who is required to extend the same upon his books with other taxes against the lands; and thereafter the proceedings for the collection and enforcement thereof are under the general laws of the state.

The publication of the resolution required by section 8 is notice to the owner of the initiation of the proceedings, and he is thereafter given an opportunity to build the proposed sidewalk himself, under the direction of the city; and, in case of his default, the subsequent proceedings by the city council, under the provisions of the charter referred to, are such as it is competent for the legislature to authorize without notice to the land-owner. *Rogers* v. *City of St. Paul,* 22 Minn. 494, 510; *State* v. *District Court,* 33 Minn. 295, 308, (23 N. W. Rep. 222.)

As to the apportionment or equalization of the burden of the cost of the sidewalk, no notice could be necessary, because, when the cost is ascertained, the apportionment is a mere matter of mathematical calculation; and this method is consistent with the constitutional requirement of equality. *Noonan* v. *City of Stillwater, supra.* Any objections of the land-owner to the regularity or legality of the proceedings may be taken by him by answer, as in other cases under the general law. We are unable to see why his legal rights may not be as fully protected by this procedure as upon a hearing in proceedings for a confirmation of the assessment. He may show fraud, mistake, want of authority to support the assessment, or a failure to comply with the provisions of the statute. His constitutional rights are therefore fully protected. Whether the plan and system of local improvements as authorized and administered are the wisest is a question to be addressed to the legislature.

As there is no complaint in this case that the proceedings in the matter of the assessment complained of have not in all things been in conformity to the provisions of the statutes on the subject, the judgment must be affirmed.