GROVER *et al.*, *Appellants*, v. CORNET *et al.*

### Division Two, June 16, 1896.

1. **Roads and Highways:** GRADING: PRIVATE USE OF EARTH: DAMAGES. Earth removed from the front of abutting property in grading a public highway may be used at the other points in the construction of the highway, but can not be used upon the private property of another, and in the latter case its reasonable value may be recovered by the owner of the property from whose front it was removed, and this is true notwithstanding the county court authorized the grading.

2. ———: ———: MEASURE OF DAMAGES: SPECIAL BENEFITS. In the grading of a public highway by private persons whose lands abut upon it, under the authority and supervision of the county court, but without cost to the county, the measure of damages to abutting property is the same as when done entirely by public agencies, and in such case the damages allowed any property owner should be diminished by any special or peculiar benefits to his property.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*John R. Warfield* for appellants.

(1) As abutting owners the plaintiffs are entitled to maintain this action. Lewis on Eminent Domain, sec. 100; Elliott on Roads and Streets, pp. 302 and 518; *Ross v. Thompson*, 78 Ind. 89; *Cole v. Drew*, 44 Vt. 49; s. c., 8 A. M. Rep. 363; *Roberts v. Saddler*, 104 N. Y. 229; Angell on Highways, sec. 301; 2 Waterman on Trespass, sec. 693, p. 80; *Gidney v. Earl*, 12 Wendell, 98; *Bridge Co. v. Schaubacher*, 57 Mo. 582; *Julia Bldg. v. Bell Tel. Co.*, 88 Mo. 258; Mills on Eminent Domain, secs. 55, 56; *Spencer v. Railroad*, 120 Mo. 154; *Heinrich v. St. Louis*, 125 Mo.

424, 626. (2) Trespass will lie against all the participants in this case. *Rowland v. Gallatin*, 75 Mo. 134; *Humbser v. Scott*, 5 Mo. App. 597; *Welch v. Stewart*, 31 Mo. App. 376; *Williamson v. Fisher*, 50 Mo. 198. (3) The rule as to the measure of damages in such actions. *Holliday v. Jackson*, 21 Mo. App. 660; *Bennett v. Thompson*, 13 Ired. 146; Waterman on Trespass, sec. 1095, p. 539; *Longfellow v. Quimby*, 33 Maine, 457; *Markowitz v. Kansas City*, 125 Mo. 485. (4) Benefits to property can not be considered in this action. Bishop on Noncontract Law, 101, and cases cited; *Mairs v. Manhatten R. E. Ass'n*, 89 N. Y. 498; *Mettler v. People*, 36 Ill. App. 324. (5) Any change of grade from the natural surface in a road or street is a "damaging for public use," for which the abutting owner is entitled to compensation before his property can be disturbed, or his proprietary rights therein divested. *Hickman v. City of Kansas*, 120 Mo. 110; Constitution Mo. 1875, sec. 21, art. 2; Cooley on Constitutional Limitations, p. 694; *Bradley v. Railroad*, 91 Mo. 493; *Dodd v. Railroad*, 108 Mo. 581; Lewis on Eminent Domain, 456, and cases cited; *Davis v. Railroad*, 119 Mo. 180; *Smith v. St. Joseph*, 122 Mo. 643; *Bloomington v. Pollock*, 141 Ill. 346; *Elgin v. Eaton*, 83 Ill. 535. (6) The court gave erroneous and improper instructions and refused proper and legal instructions. Authorities *supra*.

*Lubke & Muench* for respondents.

(1) On the first count, the question arises whether plaintiffs could maintain a statutory action of trespass, and, if so, whether they could recover for aught, except such "clay or mold" as they proved by a preponderance of evidence was converted to the private use of defendants. We answer both propositions in the negative.

*First.* In order to maintain trespass, the plaintiff must have been in possession, and a disturbance of that possession must underlie any action under section 8675, Revised Statutes, 1889. *Moore v. Perry*, 61 Mo. 174; *Zeitinger v. Hackworth*, 117 Mo. 505; *Mo. Lumber, etc., Co. v. Zeitinger*, 45 Mo. App. 114. *Second.* The possession of a public street is in the public, i. e., in the public authorities, who, as here, are charged with its preservation, repair, and improvement. Dillon on Mun. Corp., sec. 683; *Quincy v. Jones*, 76 Ill. 231, 244. *Third.* While it is conceded that the adjoining owner holds the fee in the underlying soil of the street, yet the control of the street itself is in the public authorities with all the necessary power to grade, pave, or otherwise improve the same, to adopt it to its proper uses. Angell on Highways, secs. 216, 301; Elliott on Roads and Highways, pp. 300–338, 523; *Gibson v. Owen*, 115 Mo. 258; Dillon, Mun. Corp., sec. 685. *Fourth.* Nor is this power exhausted by being once exercised, but may be exercised again, as public necessity requires. Elliott on Roads and Highways, p. 335; *Moreley v. Carpenter*, 22 Mo. App. 640. *Fifth.* The soil taken from one portion of the street may be used on another part of the same general system. *Robert v. Saddler*, 104 N. Y. 229, 232; Elliott on Roads and Highways, p. 523. *Sixth.* The public authorities, not the courts, are the proper judges of the necessity or expediency of public work. Their discretion, honestly exercised, will not be reviewed. Elliott on Roads and Highways, p. 335, and cases cited; Dillon on Mun. Corp. [3 Ed.], sec. 832. (2) The question as to whether or not any of the earth excavated from in front of appellants' land was deposited on private ground of respondent Cornet, was put to the jury on proper instructions and answered in the negative. There being a conflict of evidence, with its weight preponderating in

favor of respondents, the verdict is conclusive. On this the authorities are uniform in this state. (3) The alleged cause of action in the first count was wholly in the husband. A finding in favor of the wife on that count would have been entirely erroneous. *Ellis v. Railroad*, 63 Mo. 131; *Whalen v. Baker*, 44 Mo. App. 290. (4) Appellants can not complain of the amount of their recovery, because they offered no evidence whatever as to what was the depreciation or proximate damage, from the grading; and respondents offered evidence that there was no damage. The recovery should have been nominal. *Autenrieth v. Railroad*, 36 Mo. App. 257; *Brown v. Railroad*, 80 Mo. 457; *Markowitz v. Kansas City*, 28 S. W. Rep. 642. (5) It was proper to caution the jury that from any ascertainment of damages they should deduct any special benefit to this property. *Hickman v. Kansas City*, 120 Mo. 110. This land was specially benefited by the grading of the road, because it was thenceforth saved from overflows, and had its mansion-house brought on a level with the street, instead of remaining three feet below. (6) It follows from the foregoing that the court's instructions were certainly as favorable to appellants as they could expect. If error was committed, it was committed against respondents.

GANTT, P. J.—This is an action in two counts for damages alleged to have been suffered by plaintiffs by reason of the working of a county country road in St. Louis county adjacent to the property of plaintiff, Mrs. Grover, in which her coplaintiff and husband, has an estate by the curtesy.

This public road is designated in the record and known in the community as Plymouth avenue, running from the western limits of the city of St. Louis, westwardly, across the river Des Peres to Hillside, a subur-

ban station on the Wabash railroad. As originally established the road was sixty feet wide. In May, 1893, there was a foot bridge over the Des Peres river at the point where Plymouth avenue intersected it, but no wagon bridge, and a number of property owners along the line of the road addressed a petition to the county court of St. Louis county in which they represented this road was in an impassable condition because never graded or worked west of the river Des Peres; that the stream had never been bridged and the road needed repairs, and concluded with an offer on the part of the petitioners who owned real estate west of the river to do the necessary grading and filling amounting to about three thousand yards of dirt, according to a profile then shown to the county court, provided the county would erect a suitable bridge over the river.

The county court accepted the proposal on the condition that the work of grading be done to the satisfaction of the court and the county's commissioner of roads and bridges. The county thereupon erected a bridge over the Des Peres and in doing so cut off a considerable curve in the stream. The pier on the east side rose about five feet above the bank and that on the west nine feet above the bed of the stream. The deflection of the street lay for some considerable distance immediately along the said road, Plymouth avenue, so that a fill of some eight feet in Plymouth avenue was required for a considerable distance west of the bridge, and there were other depressions and uneven places between the bridge and Hillside station.

Nearly all the land on both sides of the road west of the bridge was owned by defendant Cornet, some of it near the stream being very low and below the grade and other portions being on a knoll or hill near the station on the north side of the road.

Messrs. Rothwell Brothers were employed to do

the grading and filling, which they did under the direction of Mr. Berkeley E. Johnson, a civil engineer, and the inspection of the county road commissioner.

The work out of which this action grew consisted in grading Plymouth avenue, from the city limits to the river Des Peres, leading over a steep hill, down to a rounded roadbed of thirty feet in the clear from water run to water run, leaving sidewalks on either side and leaving shade trees which had been planted on the sides in the road undisturbed. The deepest cut by actual measurement was three and one half feet on the summit of the hill and average cut about two feet. On the west side of the bridge a fill ten feet high was made. A second depression was about eight feet deep which was filled. Behind the abutments it was necessary to fill in the dirt to hold them. The east side being low it was necessary to make a roadbed by filling. The property of defendant Cornet was filled and graded at the same time by dirt procured by cutting down his hill near Hillside station; at least such appears to be the burden of the testimony.

Mr. Grover testified he was at home when the grading commenced and then left home to attend court at Liberty, Missouri, and was gone until it was completed.

Part of the earth had been used to make the approach to the bridge, and the remainder went on Mr. Cornet's land. The evidence very clearly established that prior to this grading Mr. Grover, or some prior owner, had constructed an embankment along his front to keep the water from the road from running into Mrs. Grover's lot. Her lot slopes from the road back to her house. This grading relieved the property of the flow of water.

There was evidence *pro* and *con* as to the effect of the grading generally on the property. The witnesses

thought that it was a damage, because roadways would necessarily have to be cut to allow approaches from the road into Mrs. Grover's lot. On the other hand the surveyors testified these could be made without disturbing the sidewalks and at little cost. It was agreed upon all sides that, whereas, before the construction of the bridge and grading and making of the street there was no highway to Hillside station, now there was a good road. Like all other dirt roads, when it is bad, it is very bad, and when good, very good. It has been brought to grade and is now ready for macadam.

The case was submitted to the jury upon instructions very favorable to plaintiffs and resulted in a finding for plaintiffs on second count for $12.50 and for defendant on first count from which plaintiffs appeal.

I. The ground upon which a recovery is sought in the first count is that the defendant Cornet and the contractors, Messrs. Rothwell Brothers, and the engineer, Mr. Johnson, and the county road commissioner, Mr. Rapp, "unlawfully took and carried away clay and and mold from plaintiff's lands and appropriated the same to their own use contrary to section 8675, Revised Statutes, Missouri, 1889."

In three distinct instructions drawn at the instance of the plaintiffs, the court instructed the jury that if the defendants, in grading Plymouth avenue, took any clay or mold from in front of plaintiffs' premises and placed the same upon the private property of defendant Cornet, other than what was necessary to hold in place the abutments of the bridge, then for the quantity so taken and used plaintiffs should recover the reasonable value if any; that the fact that the county court authorized the grading of said highway in no sense justified the appropriation of such soil to defendant Cornet's private use and the license of the county court would constitute no defense. Upon this issue the jury found upon

ample evidence that there was no such unlawful appro-
priation of the dirt which was dug out of the road in
front of plaintiffs' land and there is no error as to that
count.   The instructions given fully covered the law
of the case irrespective of others offered or refused.

II. The second count proceeds for the damages
resulting from the cutting down and lowering of the
grade in front of plaintiff's premises.   Upon this issue
the court of its own motion gave the following
instruction:

"The court further instructs you, that if you
believe and find from the evidence that the defendants
herein cut down, lowered, or graded the public road,
called Plymouth avenue, in front of plaintiffs' lots, and
abutting on said county road, and destroyed thereby the
free access to said lots along the north front, and took and
carried away the natural soil of said road, and lowered
the grade of said road without plaintiffs' consent, and
by said work and grading damaged the said lots of
plaintiffs and depreciated their value, then you will
find for the plaintiffs on the second count of their
petition, and assess their damages at such sum, not
exceeding five hundred dollars, as will compensate
them for the damages sustained by them by reason of
the grading of Plymouth avenue in front of plaintiffs'
premises, less any special or peculiar benefits to the
property from such grading, in which special benefits
you will, however, not include any general benefits,
shared in common with other property in the same
neighborhood, or by reason of the same grading.
And the jury will not consider in this connection
whether said grading was done with or by authority
of the county court or road commissioner, or otherwise.

"Damages, as used in the foregoing instructions,
refers simply to damages done to the whole lots, or
any part thereof, belonging to the plaintiffs, and

incurred by reason of the grading of said road, and special benefits are such as inure, by reason of such grading, to the particular property of plaintiffs mentioned in the petition, and which are not shared by all or a considerable number of other property holders on said road, by reason of said grading.

"Both the damages and special benefits must be considered by you, at the time when the grading was done.".

To the giving of which instructions by the court of its own motion, plaintiffs, by their counsel, then and there duly excepted, and saved their exception.

So much of the elaborate brief filed in behalf of plaintiffs as discusses the prerequisites of a valid condemnation to public use; that private property can not be taken or damaged for private use; that all joint tort feasors are equally liable and that the acts of the agents were the acts of their principals, might well have been wholly eliminated from the case, as there is not the slightest denial thereof by the court or any assertion to the contrary to be found in defendants' brief or argument.

Whether the same rule of responsibility attaches in grading an ordinary county road, as has been established in reference to a change of grade of streets in the cities of this state, is not necessary to be decided in this case, as the court gave plaintiff the full benefit of the rule and defendants have not appealed, though they protested against it in the circuit court. The trial judge having so instructed, the burden was on plaintiffs to prove the damage. The measure of damages in such cases has been laid down time and again by this court. It is the difference in market value of the property before and after the grading and caused solely by the grading. *Markowitz v. Kansas City*, 125 Mo. 485.

In hauling the dirt from one part of the road where the grade was too steep and filling up the low places and strengthening the abutments, the defendants, under the facts of this case, were clearly devoting the soil and mold to a public use under the direct authority and permission of the county court, and so long as that dirt was not diverted to private use, the same rule as to the measure of damages must obtain in this case as in cases for grading highways entirely by public agencies. The county court had the power and it was its duty to improve the roads of the county, and how can it affect plaintiffs' damages that the court was enabled to have this grading done by private landowners along the route without cost to the county instead of calling out the labor or making a public contract therefor. In any event it was for the public, in compliance with public authority, and under the county's supervision.

There was no error, then, in qualifying plaintiffs' damages by requiring the jury to subtract therefrom "any special or peculiar benefits to the property not shared by all or any other property owner on the same road."

The amount of damages was submitted to the jury and they have assessed it at $12.50 and in view of all the evidence we are not prepared to say it was against the evidence. Old and experienced real estate brokers, who passed the property daily, knew it before the grading and after the grading, thought the road of great benefit, and when along with this, the jury considered that plaintiffs had previously been compelled to build a levee to protect their premises from the flow of waters from the road, and this cutting down relieved them of that nuisance, and the absence of evidence showing any real diminution in the market value of the property, it was a question peculiarly proper for

the judgment of a jury.   As they were properly instructed and we find no evidence of passion, prejudice, or mistake, their verdict must settle the matter.

The judgment is affirmed.   SHERWOOD and BURGESS, JJ., concur.