TOWN OF GLENCOE v. A. H. REED.[1]

December 23, 1904.

Nos. 14,065—(162).

**Highway—Right of Abutting Owner.**

> The fee owner of abutting property removed gravel from a gravel bed within the limits of a country highway, which did not cause any injury to the roadway, and the gravel was not required for the purposes of grading or improving the same. *Held*, he was lawfully in the exercise of his rights as an abutting owner, within the rule that the only limitation upon the right of the owner of the fee to control and use the soil and other natural deposits within the limits of a highway is that such use shall be consistent with the full enjoyment of the public easement.

Action in the district court for McLeod county to restrain defendant, owner of the abutting property, from removing gravel from a highway. The case was tried before Cadwell, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to an injunction as prayed. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*F. R. Allen,* for appellant.

*C. G. Odquist,* for respondent.

LEWIS, J.

Action to enjoin defendant from removing gravel from a gravel pit upon the highway, and for the recovery of $200 damages, the expense of restoring the highway to its former condition.

The trial court found the facts as follows: (1) That defendant was the owner of the fee upon which the highway was located. (2) That prior to the time of the acts complained of there existed on the west side of the traveled track in the highway an excavation eight to thirteen feet distant from the center of the traveled track, from eight to twelve feet wide, and from four to eight feet deep, which had been made by the public authorities in the construction of and for the

---

[1] Reported in 101 N. W. 956.

purpose of improving the highway. (3) That at the place of the excavation, and west thereof, there was a gravel pit, suitable for the construction and repair of streets and highways; that in the fall of 1903, defendant sold to the village of Glencoe, one hundred and sixty-two loads of gravel for the use of its streets, which was removed from the west side of the excavation, and was worth ten cents a load, amounting to $16.20. (4) That the road was not injured by the removal of the gravel therefrom, and there was no evidence given at the trial that it was needed for the improvement or repair of the village roads. Judgment was ordered enjoining and restraining defendant from removing gravel from the highway, and for its disbursements, but the court allowed no damages. The appeal is based upon the findings of the court, and presents the question whether the conclusion of law is justified by the findings of fact.

It is the rule in general, and in this state, that the dedication of land for a public highway confers a mere easement for public use as a highway, and the landowner retains a right to use the land for any lawful purpose compatible with the full enjoyment of the public easement.

In Rich v. City of Minneapolis, 37 Minn. 423, 35 N. W. 2, the city entered into a contract with a certain party to grade one of its streets, which in part provided that in consideration of the grading of the street the contractor was to receive and be permitted to quarry and take away all the rock in that part of the street covered by their contract. It was held that the owner of the fee was entitled to recover the value of the rock so carried away, but the decision was based upon the fact that it was not necessary to remove the rock for the purpose of grading or improving the street, it being located below the grade line. To the same effect, see Viliski v. City of Minneapolis, 40 Minn. 304, 41 N. W. 1050, where it was held that the contractor for the construction of a sewer was liable to the owner of the fee for the value of the stone taken from a ledge in the street, not necessary to be removed for the construction of the sewer.

Ellsworth v. Lord, 40 Minn. 337, 42 N. W. 389, Cater v. Northwestern Tel. Exch. Co., 60 Minn. 539, 63 N. W. 111, and L. Realty Co. v. Johnson, 92 Minn. 363, 100 N. W. 94, are cases illustrative of the doctrine that the owner of the fee retains the right to use the land

for any lawful purpose compatible with the full enjoyment of the public easement, and that. the private right cannot be disregarded by the authorities, but must be respected in so far as may be consistent with the public right to have a safe, unobstructed, and convenient right of 'way, taking into consideration the nature and the situation of the property and the circumstances of the case. In Elliott on Roads & Streets (2d Ed.) § 411, the author thus sums up what he deems to be the rule as defined by the American and earlier English cases: "We believe that the right of the public is an easement, and that the owner of the fee remains the owner of the soil, springs, mines, quarries, timber, and the like, except in so far as the public officers may have a right to use suitable materials for improving or repairing the road."

So far as we have been able to discover from examination of the authorities, the officers in charge of a public highway are authorized to use the material necessary to remove in the improvement of the highway, at least so far as necessary for the improvement of the road under construction across the premises involved. There are not many cases in the books where the particular question involved in this case has been decided.

In Town v. Dooley, 81 Ill. 255, it was held that the right of way existing in the public over land as a highway is only a right of passage, and not a right to get water, either in streams or springs, on the soil of the landowner; that a spring in a public highway is not a part thereof, nor its use an incident to the use of the road; and the owner had a right to fence it off from the public, so long as the use of the highway was not interfered with.

In Williams v. Kenney, 14 Barb. 629, the owner of the fee sold sand from a sand pit on one side of the traveled road in the highway, stipulating that no injury should be done to the highway, and it was held that the soil was his, with all the materials which nature had placed there; that he could dig, take, use, and sell to any extent compatible with the full and secure enjoyment of the easement by the public, and that he was not responsible to an adjacent owner, there being no interference with his land and access to the highway.

In Robert v. Sadler, 104 N. Y. 229, 10 N. E. 428, a contractor, by the terms of his contract, was required to grade a roadway, and cover

it with gravel to a depth of fifteen inches. The land within the road line across plaintiff's premises was above the grade, and required a removal of the earth to the depth of the grade and fifteen inches below it. The contractor not only removed this material above the grade, and used it upon the avenue for the purpose of filling and construction, but dug pits in the roadway to a depth of six feet below the grade, in order to get gravel with which to perform his contract without paying for it. The defendant attempted to justify upon the ground that his acts were embraced in the public easement, and were authorized by it. It was held that the contractor was liable, and the decision rests upon the ground that only superincumbent material, necessary to be removed, may be used upon other parts of the road and upon premises of other landowners.

It is quite evident from the trend of American decisions that the only limitation upon the rights of the owner of the fee to control and use the soil and other natural deposits within the limits of the highway is that such use shall be consistent with the full enjoyment of the public easement.

It was found by the trial court that at some prior time the public authorities had made an excavation in this gravel bed, and used the material for the construction of the road, and it is fairly inferable from the findings that such excavation was made below the grade of the road, and that it was not necessary to remove the material in the process of grading in front of plaintiff's premises. According to the findings, plaintiff continued the excavation, and removed his own gravel from a point not only below the grade of the roadway, but gravel not necessary for its construction or repair, and which did not injure the road. As we understand the decision of the learned trial court, it was based upon the ground that in no event will the owner of the fee be permitted to enter upon a public highway, and remove therefrom soil or gravel, without permission of the public authorities.

The author of Elliott on Roads and Streets, § 399, says: "Whatever is necessary to be done in order to make a safe, convenient, public country road, the highway officers may lawfully do, and there may be cases where the necessity will be such as to exclude the owner from using any part of the surface of the way for any permanent private

purpose." Section 400: "While the control of the highway officers over a rural road is, as is evident from what we have said, by no means so extensive as that of municipal officers over a city street; still it is extensive enough to authorize the rural highway officers to make it safe and convenient for passage, and to effect this object they may not only pave or gravel the entire width of the way, but they may also use it for incidental highway purposes."

Town v. Kreuger, 121 Ill. 72, 12 N. E. 75, is a case wherein the distinction is pointed out between the authority conferred with respect to city and rural highways. In short, it may be said that in the case of country roads the public authorities have jurisdiction to do all that is necessary to meet the public necessities, and make the highway efficient and safe in every respect; but this is the extent of their authority.

Under the findings of this case, it not appearing that it was necessary to use that part of the highway where the excavation was extended for the purpose of making a roadway, and it not appearing that the material taken therefrom was necessary for the construction or repair of such roadway, and the roadway not having been injured, it follows that the public authorities have no power to prevent the entrance upon the highway by the owner of the fee for the purpose of enjoying the property rights incident to his ownership, and consequently their consent was not necessary.

Judgment reversed.