# STATE v. CATHERINE A. BURNES.[1]

February 6, 1914.

Nos. 18,354—(6).

**Sidewalk assessment — due process of law — statute valid.**

1. Laws 1901, c. 167, providing that a village council may on its own motion order a sidewalk constructed, is not unconstitutional because it does not give property owners an opportunity to be heard as to the propriety or necessity of the proposed improvement. The opportunities which the property owner has to be heard when the assessment is fixed, and on the application for judgment, satisfy the due process of law requirement.

**Evidence — assessment per front foot.**

2. It does not appear that the village council did not ascertain or determine the amount of benefits to defendant's property. An assessment of abutting property on the basis of frontage is not illegal in an improvement of this character.

**Postponement not abandonment.**

3. The council had the right to postpone the construction of the sidewalk from October, 1909, until the first of May following. Such postponement was not an abandonment of the work, and it was not necessary to give property owners another opportunity to build the walk themselves.

In the matter of proceedings in the district court for Hennepin county to enforce payment of taxes assessed for the year 1910, delinquent in January, 1912, Catherine A. Burnes filed her answer, objecting to a special assessment of $62.54 for a certain sidewalk in front of her property described in the proceedings. The substance of defendant's objections will be found in the opinion. The matter was submitted upon stipulated facts to Hale, J., who made findings and ordered judgment in favor of plaintiff for the full amount of

[1] Reported in 145 N. W. 377.

Note.—The authorities on the general question of assessments for improvements by the front-foot rule are collated in an extensive note in 28 L.R.A.(N.S.) 1124.

taxes and penalties claimed. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*George S. Grimes* and *Gordon Grimes,* for appellant.

*James Robertson,* County Attorney, and *R. S. Wiggin,* Assistant County Attorney, for respondent.

BUNN, J.

Defendant is the owner of real estate having a frontage on the south side of Excelsior avenue in the village of West Minneapolis in Hennepin county. On August 3, 1909, the village council on its own motion passed a resolution ordering a sidewalk to be constructed on the south side of Excelsior avenue. The resolution was published and served according to law on the property owners, including defendant. On October 5, 1909, the chief of police of the village made and filed his certificate to the effect that no part of the sidewalk had been constructed, except certain portions in front of the property of two owners. On the same day the council passed a resolution for the letting of the construction of the sidewalk by contract, and providing that advertisements for bids should be made about the first of May following, there not being sufficient funds then in the village treasury. On April 12, 1910, the council passed a resolution for the completion of the work. It was duly let by contract, and fully completed and approved June 29, 1910. On July 5, 1910, the council passed a resolution that on July 26 at 7:30 p. m., at the council chambers in the village, it would hear testimony of all persons interested or affected, and ascertain the amount of benefits to property fronting on the sidewalk. This resolution was served on all the property owners on or before July 14, as required by its terms. Defendant appeared personally and by attorney at this hearing, which was held at the time and place appointed. On July 28, to which date the meeting was adjourned, a resolution was passed which determined the benefits to abutting property as the actual cost of the work. The minutes of the meeting recite: "Benefits of Excelsior avenue sidewalk was determined at the actual cost to the abutting property."

The assessments for the sidewalk were entered by the county audi-

tor against the abutting property. This proceeding was to recover judgment against defendant's land for the taxes for 1910, which included the sum of $62.54, the amount of the 1910 instalment of the sidewalk assessment. The issues were tried by the court, and a decision rendered granting judgment for the entire delinquent taxes including the sidewalk assessment. Judgment was entered on the decision and defendant appealed.

1. Defendant contends that the law under which the council ordered the sidewalk to be constructed and assessed the tax in question is unconstitutional as depriving defendant of her property without due process of law. The claim is based upon the proposition that property owners are entitled to be heard as to the propriety or necessity of the proposed improvement. The law in question is chapter 167, page 215, Laws 1901, and clearly authorizes the village council of any village incorporated under the laws of this state to construct sidewalks on their own motion whenever they shall deem it necessary or expedient to do so. The resolution is required to specify the place or places where the sidewalk is to be built, the kind and quality of materials to be used, the size and manner of construction, the time in which the same shall be completed, and the names of the owners of all property fronting on the streets where the sidewalk is to be laid. By section 2 of the act, the resolution is required to be served personally on all such owners, and to be published. Section 3 provides for a hearing upon the assessment of benefits, after notice thereof given to the property owners.

That this act does not deprive the property owners of due process of law is settled in this state by the case of County of Hennepin v. Bartleson, 37 Minn. 343, 34 N. W. 222, in which the validity of a section of the Minneapolis charter authorizing the council to direct the construction of sidewalks whenever it should deem it necessary was upheld. Justice Vanderburgh said: "The legislature may direct local improvements of a public nature to be made, and the expense thereof to be levied upon the particular tax district indicated, without any intermediate proceedings to determine the necessity or propriety of the improvements, or the necessary cost or expense thereof. Guilder v. Town of Otsego, 20 Minn. 59 (74). In so doing, the legislature

exercises its own discretion. It may also delegate to a municipal corporation the right to make such local improvements and may authorize appropriate proceedings to ascertain the necessity and cost thereof, without notice to the taxpayers or property-holders interested." This decision is in line with the general rule in this state and elsewhere. Rogers v. City of St. Paul, 22 Minn. 494; State v. District Court of Ramsey Co. 33 Minn. 295, 23 N. W. 222; Kelly v. Minneapolis City, 57 Minn. 294, 59 N. W. 304, 26 L.R.A. 92, 47 Am. St. 605; State v. Pillsbury, 82 Minn. 359, 85 N. W. 175; Speer v. Mayor, etc., Athens, 85 Ga. 49, 11 S. E. 802, 9 L.R.A. 402; Pittsburg, C. C. & St. L. Ry. Co. v. Fish, 158 Ind. 527, 63 N. E. 454. The property-owner has an opportunity to be heard when the assessment is fixed, and again on the application for judgment. This satisfies the due process of law requirement. 2 Dunnell, Minn. Dig. § 6879.

2. It is next urged that the village council never ascertained or determined the amount of benefits to defendant's property. This claim is founded on the fact that the minutes of the council simply recite that "Benefits of Excelsior avenue sidewalk was determined at the actual cost to the abutting property." This recital is not sufficient to show that the council did not legally ascertain and determine the benefits to defendant's property. Even conceding that this record is the only resolution of the council on the subject, it is fair to construe it as a determination that the assessment was made against the property benefited on the basis of frontage. This is not illegal in a case of this kind. County of Hennepin v. Bartleson, supra; State v. District Court of Ramsey Co. 80 Minn. 293, 83 N. W. 183. We hold that it is not shown that the council failed to ascertain or determine the amount of benefits, or that it proceeded upon an erroneous principle.

3. We do not sustain the contention that the council had no right to postpone the construction of the sidewalk until the following spring, without then giving the property owners another opportunity to construct it themselves. It is provided in section 3 of chapter 167, p. 217, Laws 1901, that, if such work shall not be fully done and the sidewalk fully completed within the time specified in the resolution, the council may order the same done by the street commis-

sioner, or by contract let to the lowest bidder. There is nothing in the act that requires the council to proceed to construct the walk immediately after the period of 40 days allowed to the property-owners has elapsed. Deferring action from October, 1909, to May, 1910, was within the power of the council, and did not amount to an abandonment of the work, nor was the council required to give the property owners another opportunity to do the work themselves.

Judgment affirmed.