## TOWN OF ROST v. JOHN O'CONNOR.[1]

February 6, 1920.

No. 21,559.

**Highway — title of abutting owner — trees.**

1. The title of the owner of land abutting on a public highway extends
to the center of the road and includes all trees standing and growing
therein, of which he can be deprived for the public use by due process
of law only.

**Same — act unconstitutional — due process of law.**

2. Section 2560, G. S. 1913, insofar as it authorizes local highway offi-
cials, without notice to the abutting landowner or opportunity by him to
be heard, as a penalty for his failure to pay the expense of cutting down
trees thereby authorized to be removed from the highway, to make an
ex parte sale of the trees and appropriate the proceeds to the use of the
municipality, even though the amount may greatly exceed such expense,
is unconstitutional and void as an attempt to deprive the owner of
his property without due process of law.

Defendant appealed from the judgment of a justice court for $79.28
to the district court for Jackson county. The appeal was heard by Dean,
J., who made findings and ordered judgment in favor of plaintiff. From
the judgment entered pursuant to the order for judgment, defendant ap-
pealed. Reversed.

*F. B. Faber,* for appellant.
*E. H. Nicholas,* for respondent.

BROWN, C. J.

The town board of supervisors of the town of Rost, Jackson county,
on July 13, 1914, acting under the authority conferred by chapter 225,
§ 73, p. 278, Laws 1913 (G. S. 1913, § 2560), made and promulgated
an ex parte order, to the effect that the public interests required the re-
moval of certain trees standing in a highway as it extended along the
farm of defendant. Defendant was thereafter notified of the order by
"registered mail," and directed to "cut down the trees and take them off

[1]Reported in 176 N. W. 166.

145 M—6.

the highway within 90 days of this notice." If defendant received the notice, he gave it no attention and did not comply with its command. Thereafter, on the twelfth and thirteenth days of November, the road overseer, acting on the orders of the town board, proceeded to the premises, and with the assistance of a crew of men cut down the trees embraced within the order, about 200 in number, ranging in size from 10 to 30 inches in circumference and 30 feet in height. They were not then removed from the highway, and, on December 21, defendant by "registered mail" was notified that the cost and expense of cutting the trees was $42, and that he might claim them by paying the amount thereof to the town treasurer within 60 days. If defendant received that notice he paid no attention to it and subsequent to the date thereof took possession of the trees and removed them from the highway, converting them to his own use.

The town thereafter brought this action to recover the cost and expense of cutting the trees, on the theory that by taking them away defendant, by necessary implication, obligated himself to reimburse the town to the amount of the expense stated. The action was commenced in justice court, thence appealed to the district court where plaintiff had judgment for the amount claimed. Defendant appealed.

The only question presented by the assignments of error which we deem necessary to consider is the constitutionality of the statute under which the proceedings were had by the town board. If the statute be invalid, and that is our conclusion, there is an end of the case and plaintiff cannot recover, for its asserted right of action rests thereon. All other questions are therefore of no material importance and they are passed without statement or comment.

The section of the statute involved, 2560, G. S. 1913, is composed of three subdivisions, the first of which confers upon the town board authority to order the cutting down of trees and hedges within highway limits whenever they shall determine that public interests require such action, subject however to the following restrictions, namely:

"Provided that trees, other than willow trees, shall not be so cut down unless the center of such trees is more than six feet from the side of any road as established by statutory proceedings or dedicated specifically to public use; provided such trees or hedges, or either of them, interfere with

keeping the surface of the road in good order, or cause the snow to drift onto or accumulate upon said road in quantities that materially obstruct travel."

Subdivision 2 provides that when the town board shall determine to take the action thus authorized, notice shall be given the owner of the abutting land to cut down the trees within 90 days from such notice. It further provides that if the abutting owner fails or refuses to comply with the order the town board may cause the trees to be cut down "at the expense of the town." It also provides that the timber and wood of the trees shall belong to the abutting landowners:

"Provided they pay the expense of cutting down said trees or hedges and remove the same from the roadside within sixty days. If such timber or wood is not removed within said time the town board shall sell the same, or destroy it if it cannot be sold at a profit, and if sold, pay the proceeds thereof into the road and bridge fund of said town."

The third subdivision is unimportant. It simply authorizes the use of town funds to carry out any particular proceeding conducted under subdivisions 1 and 2.

The contention of defendant is that the statute violates section 7 of article 1 of the state Constitution, in that it makes no provision for notice to interested landowners, or otherwise secure to them an opportunity to be heard upon any of the questions involved in the proceeding, and that it violates section 13 of article 1 of the Constitution, in that it authorizes the taking of private property for public use without compensation.

It is fundamental that the right of private ownership of property cannot be abridged or impaired in the interests of the public, except by due process of law, and the payment of just compensation. Due process of law means notice and opportunity to be heard at some stage of the proceeding in which it is proposed to so appropriate private property, and statutes authorizing a taking or appropriation without are null and void.

In this state the title of the owner of land extends to the center of a street or highway abutting thereon, and includes all trees, sand, gravel and other appurtenances situated or being upon or within the same, subject to the general public right to take and use any thereof as may be necessary in the improvement of the highway for public use. That is settled

law in this state and elsewhere. Town of Glencoe v. Reed, 93 Minn. 518, 101 N. W. 956, 67 L.R.A. 901, 2 Ann. Cas. 594; West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064; 2 Elliott, Roads & Streets, § 876, et seq. The municipal authorities having in charge the care and maintenance of the public roads no doubt possess the general right to cut down trees standing therein, when so located as to impair the usefulness of the way. The right is inherent and arises from the general obligation imposed upon them by law, within the limits of funds at their disposal, to keep and maintain the roads and highways within their respective jurisdictions in suitable condition for public use. But the statute in question expressly grants the authority subject to the restrictions and conditions imposed by the provisos above quoted, by which the private ownership of the trees is recognized and an ineffective attempt made to protect it.

Under the statute the local tribunal proceeds ex parte, determines the facts and makes its order, and the first information the landowner has on the subject comes after the order has been made and in the form of notice or command to him to cut down the trees. If he fails to comply therewith the board is authorized to cut them down "at the expense of the town," with the proviso, in recognition of the landowner's title to the trees, that he may have them if he pays the expense incurred by the town. He is given no opportunity to question the reasonableness of the expense, and, as a penalty for his refusal to pay it, the statute declares the town board shall sell the trees, if thereby a profit may be realized, depositing the proceeds in the town road and bridge fund. The landowner is given no notice of the time, place or manner of the intended sale, and by the ex parte proceeding is deprived of the proceeds, though the amount may greatly exceed the expense incurred by the town.

It seems clear that the statute, insofar as it authorizes an ex parte sale of the trees and the appropriation of the entire proceeds to the use of the town, though the amount in a particular instance may largely exceed the expense incurred by it, invades rights protected by the Constitution rendering the statute in this respect null and void. 1 Dunnell, Minn. Dig. §§ 1637 and 3085; Minnesota Linseed Oil Co. v. Palmer, 20 Minn. 424 (468); Town of Lyle v. Chicago, M. & St. P. Ry. Co. 55 Minn. 223, 56 N. W. 820; County of Lyon v. Lien, 105 Minn. 55, 116 N. W. 1017;

State v. McGuire, 109 Minn. 88, 122 N. W. 1120; State v. Burnes, 124 Minn. 471, 145 N. W. 377; State v. District Court of Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815. There would be less objection to the statute, if the provisions as to a sale of the trees were limited to a purpose of reimbursing the town for the expense, authorizing a sale of so much thereof as might be necessary for that purpose, as in other local municipal improvements. But the statute does not so provide, on the contrary, by its express language and terms it puts the town in the position of a profiteer, declaring that, on the default of the landowner to pay the bill of expense, the trees shall be destroyed, unless they may be sold at a profit, and if a profit may be realized by a sale then the whole proceeds, however much in excess of the expense, goes into the town treasury as a part of its road and bridge fund. Thus is the property of the landowner, even the one who resides in some adjoining county remote from the scene of action, without notice or opportunity to be heard, arbitrarily taken from him and devoted to the public use. Surely the legislature is without constitutional authority to so provide.

The exact value of the trees, some 200 in number, does not appear. But that is not important. Certain trees similarly situated and proceeded against by road officers and valuable only for ornamental purposes were protected in equity in West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064, and Gilbert v. Village of White Bear, 107 Minn. 239, 119 N. W. 1063. And, moreover, we may assume, and properly so, that 200 trees of the dimensions of those in question, for use on a farm either for fencing or fuel purposes, are of far greater worth and value than the town expense here incurred in cutting them down, or as an ornament to a summer cottage on the shores of a lake.

The case of Viliski v. City of Minneapolis, 40 Minn. 304, 41 N. W. 1050, 3 L.R.A. 831, is not in point. That controversy involved a lot of crushed rock and other waste material resulting from excavations in a street for the purpose of constructing a sewer. The court there awarded the whole remnant of such material to the municipality, on the theory that it would be impossible to separate from the common mass the portions belonging to the several lot owners, and, as a short cut, gave the whole to the city. The court conceded that there was no authority to

support the decision in that respect, and was careful to exclude therefrom timber, trees and mineral rights similarly situated and involved.

Statutes authorizing local municipal officers to order and require the destruction of noxious weeds by owners of land abutting upon public highways are not in point. No private property is there taken or appropriated to public use as authorized by the statute in question.

This covers the case and all questions necessary to be considered. Plaintiff's whole case rests on the statute, and, since the statute in the respect stated is invalid, no right of recovery is shown, and defendant is entitled to judgment accordingly. There was no appearance by defendant in any of the proceedings, such as to deprive him of his right, nor was he notified thereof in a manner required by due process. The only evidence of notice was that he was "notified by registered mail." That, whatever it may mean, has not heretofore been recognized or provided by law as a substitute for personal service in proceedings wherein a personal obligation is sought to be created or enforced.

The judgment appealed from is reversed and the cause remanded to the court below with directions to dismiss the action.

HALLAM, J. (dissenting).

I dissent.

My opinion in this case is as follows:

It is not necessary for a town to give a property holder notice before determining the necessity of an ordinary public improvement of a highway adjacent to his land, even though the improvement may be of pecuniary concern to him. County of Hennepin v. Bartleson, 37 Minn. 343, 34 N. W. 222; Rosenthal v. City of Goldsboro, 149 N. C. 128, 62 S. E. 905, 20 L.R.A.(N.S.) 809, 16 Ann. Cas. 639; Chase v. City of Oshkosh, 81 Wis. 313, 51 N. W. 560, 15 L.R.A. 553, 29 Am. St. 898; 2 Beach, Public Corp. § 1234. When it becomes necessary to remove trees for improvement of the highway the legislature has the constitutional power to provide that, after first giving the abutting owner an opportunity to remove them, the town may remove them and dispose of the timber, without accounting to him, Viliski v. City of Minneapolis, 40 Minn. 304, 308, 41 N. W. 1050, 3 L.R.A. 831; see also 2 Lewis, Em. Dom. § 853; Denniston v. Clark, 125 Mass. 216; Grover v. Cornet, 135 Mo. 21, 35

S. W. 1143. The Viliski case determined that much and more. The decision in that case is summarized in these words: "Whenever it becomes reasonably necessary, for purposes connected with the use or improvement of a public street * * * to have * * * rock excavated and removed therefrom, and where it is impracticable * * * to commit to the owners of the soil the work of excavation and removal, the public authorities may do this, unembarrassed by claims of private ownership and right of disposal. The public may dispose of the material which it is required to remove * * * without accountability to the owners of the soil thereof." This is properly incident to the public easement.

The constitutional rights of an owner are the same whether his property be stone or trees. In the Viliski case the court intimated that a distinction may be drawn in case of trees, but only to the extent indicated in the following quotation. The court said: "We have not assumed to state the law as to removal of trees standing in the highway. It may be that in general it would be practicable to allow adjacent proprietors to remove them if they shall elect to do so, when removal becomes necessary." This is just what the law here in question does. The decision in the Viliski case seems to me decisive of this case.

The portion of the statute which gives the property owner the right to take the timber after severance upon payment of the expense of severance, simply accords him a further privilege which the state was not required by any provision of the Constitution to give.

When defendant took the timber, he, in my opinion, took upon himself the obligation to make payment of the expenses which the statute imposes as a condition to the right to such possession.

DIBELL, J. (dissenting).

I dissent from the majority opinion.