IN RE WIDENING TWENTY-EIGHTH STREET IN
MINNEAPOLIS FROM THIRTIETH AVENUE
SOUTH TO DORMAN STREET.
CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY,
APPELLANT.[1]

October 28, 1927.

No. 26,154.

**Method of finding whether total assessment exceeds cost of improvement.**
Under the provisions of L. 1925, c. 417, § 1, the amount of net
awards for compensation and damages incident to an improvement
are to be added to the actual costs of doing the construction work,
including incidental expense, in order to determine whether the total
assessment exceeds the cost of the improvement.

Evidence, 22 C. J. p. 139 n. 28.
Municipal Corporations, 28 Cyc. p. 987 n. 35; p. 1153 n. 46.

The Chicago, Rock Island & Pacific Railway Company appealed
from an order of the district court for Hennepin county, Waite, J.,
confirming an assessment for the widening of Twenty-eighth street
in the city of Minneapolis.    Affirmed.

*O'Brien, Horn & Stringer,* for appellant.
*Neil M. Cronin,* City Attorney, and *R. S. Wiggin* and *William H.
Morse,* Assistant City Attorneys, for respondent.

WILSON, C. J.
Appeal from an order of the district court confirming a special
assessment.
The matter has been here before.    164 Minn. 226, 204 N. W. 934,
205 N. W. 640.    The contemplated improvement takes a strip of
appellant's land 40 feet wide and 1,661 feet long abutting upon
Twenty-eighth street in Minneapolis, for the purpose of widening
Twenty-eighth street to 80 feet.    The proceedings involve acquiring

[1]Reported in 216 N. W. 222.

land for such purpose and grading the street at length and was designated "Special Street Acquisition and Improvement No. 1019."

The proceedings are had under the provisions of chapter XX of the home rule charter of Minneapolis adopted November 2, 1920, and the provisions of L. 1911, p. 229, c. 185, as amended. G. S. 1923, §§ 1522-1566; L. 1925, p. 676, c. 417.

It is provided by L. 1911, p. 229, c. 185, § 2, and L. 1925, p. 676, c. 417, § 1, that the commissioners appointed by the city council shall make an appraisement and award of the compensation and damages to be paid to each person whose property is to be taken or injured by the improvement; but if the remainder of the same property, a part of which only is to be taken or damaged by such improvement, shall be benefited thereby, then the commissioners shall also consider, estimate and offset the benefits which will accrue to the same owner in respect to the remainder of the same property and award him only the excess of the compensation or damages over and above such benefits.

Upon an appeal to the district court the law provides for commissioners to be appointed who also act under the laws above mentioned. L. 1925, p. 676, c. 417, § 2.

The commissioners must separately determine and state the amount of damages and the total amount of special benefits to each tract of land involved so that the offset may be understood. C. R. I. & P. Ry. Co. v. City of Minneapolis, 164 Minn. 226, 204 N. W. 934, 205 N. W. 640.

Laws 1911, p. 229, c. 185, § 6, requires the city engineer to estimate the cost of each item of such improvement separately and submit it with plat to the city council which may adopt, or modify and adopt, such estimate. When it appoints the commissioners the council recites such amounts, and the law [§2] requires the commissioners to "assess the amount of such compensation and damages so awarded   *   *   *   together with the expense and cost of making the improvements as fixed by the city council,   *   *   *   but in no case shall the amount of such assessment exceed the actual benefit."

Acting under this law the city engineer estimated the cost of grading, which was the only item for him to include, at $20,015.25, which was recited in the resolution appointing the council commissioners. The council added the following items of estimated expense:

| | |
|---|---|
| Legal expense | $35.00 |
| Advertising bonds | 25.00 |
| Printing bonds | 20.00 |
| Advertising commissioners' report, etc. | 25.00 |
| Clerk hire | 25.00 |
| Commissioners' wages | 250.00 |
| Total | $380.00 |

which made a total of $20,395.25.

The city owned abutting property which was benefited to the extent of $2,898 which was deducted from the amount to be assessed.

It is claimed by appellant that the total assessment exceeded the cost of the improvement, and it says that the total of all assessments upon all the property to be benefited is $22,483.48, consisting of: Appellant's property, $6,903.75; city property, $2,898; other property, $12,681.73. Appellant alleges that the gross cost of the improvement is the $20,395.25. If these figures are correct, the assessment would exceed the cost of the improvement by $2,088.23.

Where benefits exceed the cost, the assessment can only be for the actual cost of the work together with the proper items incidental thereto. Dun. Dig. § 6861; Minnesota Linseed Oil Co. v. Palmer, 20 Minn. 424 (468); Ankeny v. Palmer, 20 Minn. 431 (477); County of Lyon v. Lien, 105 Minn. 55, 116 N. W. 1017; Town of Rost v. O'Connor, 145 Minn. 81, 176 N. W. 166, 9 A. L. R. 1265; Asheville v. Wachovia L. & T. Co. 143 N. C. 360, 55 S. E. 800; Page and Jones, Taxation by Assessment, § 466, p. 709.

We think however that appellant's theory is not sound, in that it rests upon the exclusion of the sum of the net awards for compensation and damages which are assessed "together with the ex-

pense and cost of making the improvements," as used in L. 1911, p. 229, c. 185, § 2, now G. S. 1923, § 1553.

We adopt the respondent's theory, which is substantially this: The actual cost and expense of widening and improving by grading Twenty-eighth street as proposed in this proceeding will be as follows:   Damages and compensation accruing to appellant, $4,980; cost of grading, $20,015.25; incidental expenses, $380; total, $25,375.25, which exceeds the total amount of the assessments by $5,789.77.   The result differs from appellant's computation because it includes the item of $4,980.

It is only fair to say that appellant does not claim that its theory that the city is collecting $2,088.23 in excess of the cost of the improvement can be sustained if we hold, as we do, that the assessment contemplates meeting the net awards for compensation and damages incident to the improvement as well as the actual cost of doing the construction work, including incidental expenses.

The suggestion that the record impels the conclusion that the item of $20,015.25 includes all damages and compensation involved is fallacious.

Under the law the engineer is not required to include in his estimate damages and compensation.   Having in mind his technical learning, his duties as fixed point to the construction work.   The presumption is that he did his duty.

Affirmed.

STONE, J., took no part.