## DELAP vs. TABER.

An erroneous description of the subject matter of a contract or conveyance may be corrected by a court of equity, but not a mistake as to the subject matter of the contract or conveyance itself.

A had title to a quarter section of land in Iowa, which he had procured to be entered by a land warrant, but which he had never seen; and by a mistake in the certificate of entry it was described as being situated on sec. 23, when in fact the actual entry was of a corresponding part of sec. 25, in the same town; and he sold and made a conveyance of it by a deed with the usual covenants to B for $800, who purchased and took the conveyance on the faith of A's statement that it "was a fine piece of land, had several acres of timber on it, a fine stream of water running through it, and was in part fine meadow land and some up-land," which information A had received from a party who had surveyed it (the land on section 23) for him, and it appearing that A had no title to the land, described in the deed as situated on sec. 23, the certificate of entry having been corrected so as to describe the land on sec. 25; in an action by B against A on the covenants in the deed to recover back the purchase money and interest, *Held*, that if B relied on such representations as to the quality of the land in making the purchase, that A could not prevent a recovery in the action; by tendering to B a conveyance of the quarter section of land situated on sec. 25, with the costs of the action to that time.

In such a case, the real question is, whether the parties had reference to a specific tract of land, having certain qualities, or to the quarter section which A owned in Iowa.

ERROR to the Circuit Court for *Kenosha* County.

Action on a covenant of seizin, to recover back the consideration paid on the sale and conveyance of a quarter section of land from the defendant to the plaintiff, the title having failed. The cause was tried before a jury, and the defendant had a verdict and judgment for costs, and the plaintiff sued out a writ of error to reverse it, alleging that the court erred in refusing to give certain instructions to the jury asked by the plaintiff. All the material facts are stated in the opinion of the court.

*O. S. & F. H. Head,* for plaintiff in error, argued that the court could not make a new contract for the parties, but that the contract actually made by them should be enforced as made. *Heath vs. Van Cott,* 9 Wis., 522.

*C. S. Chase,* for defendant in error.

The refusal of the court to give the instruction asked for by the plaintiff below was correct; the real intention of the parties having been that the plaintiff should purchase and the defendant convey the 160 acres of land which the latter owned in Monona county, Iowa, regardless of any special or particular description; the plaintiff cannot avoid the sale and recover back the purchase money, merely because a description of land which the defendant did not own was by mistake inserted in the deed, if after the mistake is discovered he offers to convey the land which he did own and which was in fact bargained for. Equity will correct such mistake by giving effect to the real intention of the parties. 1 Bro. Ch., 341; 2 Johns. Ch., 630; 2 Cranch, 442; 2 Johns. Ch., 585; 1 Story Eq., § 159; 4 Johns. Ch. 144.

*By the Court,* PAINE J. This action was brought to recover back the consideration on a sale of land by the defendant to

the plaintiff, the title having failed. The facts showed that the defendant had title to a quarter section of land in Iowa, which however, he had never seen. It had been entered by a land warrant, and by a mistake in the certificate of entry, it was described as being in section 23, when in fact the actual entry was in section 25 in the same town. The proof of the plaintiff tended to show that in buying the land he relied on the representations of the defendant as to its nature; and upon a description given by the defendant as to its quality, he having represented, upon information derived from a friend whom he had procured to get it surveyed, that it "was a fine piece of land, had several acres of timber upon it, a fine stream of water running through it, and was in part very fine meadow land and some upland." The proof of the defendant tended to show that the bargain was only for the sale of a quarter section which he owned in Iowa, and that no description was given of its quality or representation made as to its value. And after this suit was commenced, the mistake in the certificate of entry having been discovered, the defendant executed and tendered to the plaintiff a deed of the real quarter section in section twenty-five, with the costs up to that time, which he claimed should defeat a recovery.

We think the judgment must be reversed for errors in instructing and refusing to instruct the jury. And though the reasons for the reversal might be based upon some portions of the general charge, they may perhaps be presented more plainly upon the refusal to give the second instruction, asked by the plaintiff, which was as follows: "That if they find upon the testimony, that the defendant for the purpose of effecting a trade with the plaintiff, represented to the plaintiff that the N. E. ¼ sec. 23, &c., was of a particular quality, had a stream of water running across it, timber on it, &c., and that the plaintiff relied on such representations in making the trade, that the defendant cannot defeat the plaintiff's right to recover the consideration paid and interest thereon from delivery of the deed,

by tendering deed, costs, &c., of N. E. ¼ sec. 25, without also showing that said N. E. quarter sec. 25 was free and clear at the time the deed was tendered, and was of the same general quality, description and value as the piece first conveyed." It is very probable that this instruction was even more favorable to the defendant than it need have been. For if the parties in contracting, had their minds fixed upon a specific piece of land, it could hardly be said that if the vendors title failed, he could defeat the vendee's right to recover the consideration, by tendering him a deed of some other piece of land, even though equally as good. Thus, if A is in possession of a farm, and B comes and looks at it and buys it, if A's title fails, no one would claim that he could defeat a recovery by tendering a deed of another farm which he really owned, though equally as good, and in the same vicinity. The purchaser would have the right to determine for himself, whether he wanted to buy that farm or not, and no court would be authorized to submit to a jury, the question whether he would have been just as willing to buy that as the one he did contract for, provided he had known that was the one which really belonged to the vendor. The only question would be, whether he did contract for that, and not whether he would have done it. If, therefore, the vendor in such a case could not defeat the vendee's right to recover, by tendering a deed of other land, and showing that it was equally as good, he certainly could not without showing this, and this instruction should have been given.

The real question in controversy was, whether the minds of the parties had reference to a specific piece of land, or whether they had reference to the quarter section which the defendant owned in Iowa, whatever it might be. There can be no doubt that their minds might fix upon the specific price of land without having seen it. Thus if the defendant, led into a mistake by the error in the certificate, really believed that he owned the land in section 23, and had a friend examine it, and give a description of its quality, and he communicated that to the

plaintiff who contracted for that land, relying on such description, it was just as much a bargain for that land as though the defendant had actually occupied it and the plaintiff had gone and bought it after looking at it.

But if none of this is true, if the defendant told the plaintiff that he owned a quarter section in Iowa, and the plaintiff contracted for that, whatever it might be, without any representation as to its quality, then the real subject of the contract was the land actually owned by the defendant; and if by a mistake in the certificate they described it as in a wrong section, such a mistake might undoubtedly be rectified. In that case, it would have been a mistake in the instrument, in misdescribing the real subject matter of the contract. But in the other, no such mistake would occur. The deed would truly describe the identical land to which the mind of the parties had reference. And the only mistake would be in their mutual belief that the vendor had title. Such a mistake cannot be cured by offering to substitute some other property, which the purchaser never contracted for. This distinction seems to have been really the one which was in the mind of the judge below, in his general charge. But he was mistaken in the refusal already noticed, and in telling the jury, as he did substantially, that although they might find that the parties contracted with reference to the land in section 23, according to the actual description given of its kind or quality, still the plaintiff could not recover if they should believe that he would have been just as willing to have made the same contract for the land in section 25.

The judgment is reversed with costs, and the cause remanded for a new trial.