CHRISTOPHER CARLI *vs.* SEYMOUR, SABIN & CO.

November 26, 1879.

**Damages—Breach of Contract to make a Road.**—Defendants, for a consideration paid to them, agreed in writing with the plaintiff to lay out between two points a road thirty feet wide, grade it to the width of twenty feet, so as to make a good, passable roadway, not steeper than a rise of one foot in ten, and convey the land covered by the road to plaintiff. They graded the road in part, and then conveyed to him, but refused to complete the grading. *Held*, that plaintiff is entitled to recover what it will cost to complete the grading, and put it in the condition contemplated by the contract.

Appeal by defendant, a corporation, from a judgment of the district court for Washington county, entered on the report of a referee.

*McCluer & Marsh*, for appellant.

*James N. & Ira W. Castle*, for respondent.

GILFILLAN, C. J.  The defendants, for a consideration paid to them by plaintiff, agreed with him in writing that, before a day named, they would lay out, between two points indicated, a street thirty feet in width, grade it twenty feet wide between the two points, so as to make a good, passable roadway, that should not be steeper than a rise of one foot in ten between the points, and then convey the land covered by the street to plaintiff.  After the day named, defendants, having laid out, but only partially graded the street, conveyed the land over which it ran to plaintiff, and refused to complete the grading. The referee who tried the cause allowed the plaintiff, for breach of the contract, what it would cost to complete the grade so that it would conform to the terms of the contract. This is alleged as error.

What is sought to be effected by allowance of damages for breach of a contract is to place the party wronged, as nearly as can be done, in the same situation with respect to the subject of the contract as its performance would have placed him in. Damages are substituted, from necessity, in the place of the contract performance, and are, in theory, an equivalent for performance.  But compensation in money can rarely be an actual and exact equivalent.  To come as near to it as possible is the object of the rules of law governing the rates of damages allowable under various circumstances.  No damages are claimed in this case for delay in performing the contract, but only for leaving the work undone.  The case is, therefore, very simple, the only question being what amount in money is, with the part performed, most nearly an equivalent for the contract fully performed.  Most clearly it is what it will cost to complete the contract.  That will enable plaintiff to put the work in the condition contemplated.

Judgment affirmed.