## FREDERICK ALTHEN *vs.* PATRICK H. KELLY.

### July 9, 1884.

**St. Paul—Grading Streets—Power of Council.**—The charter of the city of St. Paul construed as not empowering the common council to authorize the grading of a street without the action of the board of public works in the premises.

**Same—Rights of Abutting Owners to Material in Street.**—The title of the owner of lands upon a public street presumably extends to the centre of the street. The right of the public therein is limited to the easement of a public way, with such privileges as are incident thereto, such as the right to use material found within the limits of the street, for the improvement or repair of the same. The municipal authorities have not power to bestow upon a stranger the right to take and carry away such material.

**Same—Trespass—Injunction.**—Acts of trespass upon lands destructive to the estate of the owner, such as the quarrying and removal of stone in which the value of the estate consists, may be restrained by injunction.

Plaintiff brought this action in the district court for Ramsey county to restrain the defendant from quarrying and removing rock and stone from the street in front of certain lots owned by plaintiff. The defendant appeals from an order by *Simons, J.,* refusing to dissolve a temporary injunction.

*O'Brien, Eller & O'Brien,* for appellant.

*McMillan & Beals,* for respondent.

DICKINSON, J. This is an appeal from an order refusing to dissolve a temporary injunction. As we construe the pleadings and affidavits upon which the motion was heard, they disclose these facts: The plaintiff and one Patrick Kelly are the owners respectively of blocks 61 and 59, in the city of St. Paul, which are separated from each other by Plum street, a public street 60 feet wide. Each proprietor presumably owns the fee of the land to the centre of that street, subject to the public easement. Upon the street is a stone quarry, in which is alleged to consist the whole value of the land. The common council of the city passed the following resolution: "Resolved, that

P. H. Kelly is hereby authorized to grade Plum street, from Commercial street to Hoffman avenue, at his own cost and expense, and under the direction and to the satisfaction of the city engineer." Acting under this resolution, and agreeably to its terms, the defendant, by his agent, said Patrick Kelly, and others acting under the authority and direction of the defendant, proceeded to quarry and take out stone upon that part of Plum street the fee of which is in the plaintiff, and removed and converted the same to his own use. He was engaged in such work, and threatening the continuance of the same, when this injunction was served.

The principal question in the case is whether the above resolution was sufficient to authorize the acts complained of. Its solution depends chiefly upon the construction of the provisions of the act of 1874, which embodied in one enactment the law incorporating the city, and several amendatory acts. Sp. Laws 1874, c. 1. To some of the provisions of this act we briefly refer.

Section 7 of chapter 4 of the act provides that the common council shall have the care, supervision, and control of all public highways, bridges, streets, etc.

By chapter 6 there is created, apart from the common council, a department of the city government known as the board of public works.

Chapter 7, title 1, in general terms, authorizes and requires the levying of special assessments to defray the cost of a large class of improvements, including the grading of streets, and prescribes at length a system and course of procedure, in accordance with which such works are to be undertaken and carried on, and assessments therefor made.

Section 5 provides that "all applications or propositions for any improvements mentioned in section two of this chapter" (including the grading of streets) "shall be made to or emanate from the common council of said city, and shall, except in the case of sidewalks, be first referred to the board of public works by the said common council. * * * Upon such reference, said board shall then proceed to investigate the same; and if they shall determine that such improvement is necessary and proper, they shall report the same to the common council, accompanied with an estimate of the expense thereof,

and a proper ordinance or order directing the work. If they do not approve of such application or proposition, they shall report the reasons for their disapproval; and in case of such disapproval, the said common council shall not order the doing of such work, or the making of such public improvement, except by a vote of two-thirds of all the members-elect of said council: *provided,* that in case such disapproval of said board is by an unanimous vote of all the members-elect of said board, such work or improvement shall only be ordered by said council by an unanimous vote of all the members thereof elect."

Section 6 requires the board of public works to report to the common council whether the owners of a majority of the property to be assessed therefor have petitioned for the improvement; and if it appears that such is not the case, the work is to be proceeded with only upon a vote of two-thirds of the members-elect of the common council. It also requires the board of public works, if it reports in favor of a contemplated improvement, to present a plan or profile of the same.

Section 23 is to the effect that when any order shall be finally made by the common council for the doing of such work, it shall be communicated to the board of public works. That board shall then contract in the manner prescribed in the act for the doing of it, and shall then proceed to make assessments of the cost upon property benefited.

By provisos and special provisions in sections 3, 22, 23, and 64, certain specified improvements, such as sidewalks, crosswalks, improvements upon public squares, sewers, and the repairing of streets, the cost of which is estimated to not exceed $200, are allowed to be conducted in manner peculiar to such cases, and without conforming to some of the requirements above referred to. The common council may also permit property owners to construct streets upon their own property at their own expense.

We will say, in passing, that this last provision furnishes no authority for the acts complained of upon the plaintiff's fee.

This chapter, embracing the provisions in respect to special assessments, was undoubtedly framed upon the assumption that expense would attend the prosecution of these public works; and very much of the procedure is directed to the object of charging such expense

upon private property by local assessment. But in respect to some of these requirements of the act, important to be here considered, there is so manifest an applicability in the case of improvements like that under consideration, without regard to the matter of cost or of assessment, and the reasons for their observance in all cases alike are so apparent, that they cannot be disregarded. Of such a nature is the requirement that reference shall be made of a contemplated improvement to the board of public works, and that the prosecution of the work shall depend, to a certain extent, upon the determination of that board as to the necessity and propriety of it. That board is created as a distinct department of the city government; its functions relate, not merely to the making of assessments, but to the various proceedings from the beginning to the end of the undertaking. They are required to express their judgment and determination as to whether the improvement should be undertaken at all, as well as the plan in accordance with which it should be prosecuted, and that determination largely affects and controls the action of the common council; it becomes a limitation upon the power of that body.

The general provision of the act, investing the common council with the care, supervision, and control of streets, is limited by the special and particular provisions prescribing the manner and conditions of its exercise. The board of public works never having taken part in this proceeding, the action of the common council alone was insufficient to authorize the grading of the street.

No resolution or act of the city authorities could confer upon the defendant, against the will of the plaintiff, the right to remove and use for his own benefit the stone upon the plaintiff's land, even within the limits of the street. The right of the public is limited to the easement of a public way, with such powers and privileges as are incident thereto, such as the right to use the material found in the street for its improvement or repair. Otherwise, the right of the owner of the fee as such is unqualified, and if the resolution purported to authorize the removal of the stone by the defendant, it was beyond the power of the common council to so dispose of the plaintiff's property. *St. Anthony Falls Water-power Co.* v. *King Bridge Co.*, 23 Minn. 186; *Makepeace* v. *Worden*, 1 N. H. 16; *Trustees, etc.,*

v. *Auburn & R. R. Co.*, 3 Hill. 567; *Cuming* v. *Prang*, 24 Mich. 514.

The case as presented is one for which a remedy by injunction may be granted, notwithstanding the defendant might be compelled to respond in damages, for the reason that a multiplicity of suits will thus be prevented, and because the injury complained of appears to be destructive to the estate of the plaintiff,—the removal of its very substance. 2 Story, Eq. Jur. §§ 928–9; *Thomas* v. *Oakley*, 18 Ves. 184; *Livingston* v. *Livingston*, 6 John. Ch. 497; *Ryan* v. *Brown*, 18 Mich. 196.

Order affirmed.