CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. and others. (DOPP, Intervenor.)[1]

*(Circuit Court, E. D. Missouri. March 24, 1886.)*

RAILROADS—NEGLIGENCE—USE OF TRACKS FOR FOOT-PATHS.

> Persons who use railroad tracks as foot-paths are bound to use reasonable care to avoid injury, and it is proper for locomotive engineers to act upon the presumption that they will use such care.[2]

In Equity. Exceptions to master's report.

The intervenor asks for damages for injuries sustained through the alleged negligence of the employes of the Wabash receivers. The facts of the case are substantially as follows: The intervenor, while walking westward along a track of the Wabash, St. Louis & Pacific Railway Company, saw a Wabash engine and tender backing towards him. When it was about two car lengths from him he left the Wabash track and got on the incoming Missouri Pacific track, which is just north of it, and started along the latter track; but, upon looking up, saw a Missouri Pacific train coming in, and to avoid it left the Missouri Pacific track and started back towards the Wabash track. Before he could reach the latter track he was struck by the tender of the Wabash engine and severely injured. There was not sufficient time after he started back towards the Wabash track to stop the engine before he was struck. By getting off the Missouri Pacific track on the north instead of the south side he could easily have avoided all danger. The master reports that the receivers' employes were not in fault, and that the intervenor is not entitled to recover.

*Wm. C. & Jas. C. Jones,* for intervenor.

*H. S. Priest,* for receivers.

TREAT, J., *(orally.)* The exceptions are overruled, not only for the reasons stated by the master, but from elemental rules in addition

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.
[2] See note at end of case.

thereto there can be no recovery in this case. The intervenor chose to use the track of the railway company for his personal convenience, without regard to constantly moving trains thereon; and the railway company having a right to suppose the track free, pursued its ordinary course of business. The injury, therefore, occurred through the gross negligence of the intervenor, without any fault on the part of the railway company.

Master's report confirmed.

### NOTE.

Where a party voluntarily goes upon and walks along a railroad track, and fails, without excuse, to look and listen for danger, and is injured by reason thereof from a passing train, he is guilty of such contributory negligence as will defeat recovery. Laverenz v. Chicago, R. I. & P. R. Co., (Iowa,) 10 N. W. Rep. 268.

Such person is a mere trespasser, and while it would be the duty of the persons operating trains, if they saw him, and could avoid injuring him, to do so, yet if they did not see him, and were ignorant of his dangerous position, they would not be bound to look out to save him from injury. McAllister v. Burlington & N. W. Ry. Co., (Iowa,) 20 N. W. Rep. 488.

A railroad company does not owe a mere trespasser upon its track the duty of having an engineer running a train to look to see whether he is there. Scheffler v. Minneapolis & St. L. Ry. Co., (Minn.) 21 N. W. Rep. 711.

A person going upon a railroad track between stations, without first looking and listening for an approaching train, is guilty of contributory negligence, and cannot recover for injury sustained. Ivens v. Cincinnati, W. & M. Ry. Co., (Ind.) 2 N. E. Rep. 134.

When a trespasser on a railway track is injured by the negligence of the railroad company, he may not recover unless such negligence was willful; mere gross negligence is not sufficient. Terre Haute & I. R. Co. v. Graham, 95 Ind. 286.

A person who, without right, and with full knowledge of the location, voluntarily places himself upon a railroad track, at a place where there is no crossing, and which is a known place of danger, and is killed by a passing train, is negligent, and no damages can be recovered for his death, except for wanton injury. Pittsburgh, Ft. W. & C. Ry. Co. v. Collins, 87 Pa. St. 405.

One who, without authority, enters upon a railway track, and while there becomes insensible from providential causes, and while in this state, and in plain view, is injured by a train, may recover damages of the company, although the injuries were not wanton or willful; but otherwise, if his insensibility was by reason of voluntary intoxication. Houston & T. C. Ry. Co. v. Sympkins, 54 Tex. 615.

Except at public crossing- a railway company owes no duty to a young child on its track. Cauley v. Pittsburgh, C. & St. L. Ry. Co., 95 Pa. St. 398. See Meeks v. Southern Pac. Ry. Co., 56 Cal. 513; Central Branch, etc., R. Co. v. Henigh, 23 Kan. 347; Hestonville P. R. Co. v. Connell, 88 Pa. St. 520; Moore v. Pennsylvania R. Co., 99 Pa. St. 301.