HJALMAR ANDERSON v. NELS NORDSTROM.[1]

February 4, 1895.

No. 9098.

**Breach of Contract—Measure of Damages.**

> Where the defendant has contracted with the plaintiff to move a building for a stipulated sum of money, and then neglects or refuses to perform, the plaintiff, if he has the work done by another party, is entitled to recover as damages the difference between the contract price and the reasonable cost or expense of performance in accordance with the contract, if there be a difference.

**Findings Sustained by the Evidence.**

> *Held,* that the findings of fact in this case are supported by the evidence, and that such findings support the conclusion of the trial court as to the amount of plaintiff's damages.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying his motion for a new trial.   Affirmed.

Action for damages for failure to move a building within a reasonable time as agreed by the defendant.   The findings of the court are stated in the opinion.

*John W. Perkins,* for appellant, cited Tantholt v. Ness, 35 Minn. 370, 29 N. W. 49; Hirt v. Hahn, 61 Mo. 496.

*Arctander & Arctander* and *John Hay,* for respondent, cited King v. Nichols & Shepard Co., 53 Minn. 453, 456, 55 N. W. 604.

COLLINS, J.   The court below found that upon defendant's failure and neglect to comply with his contract to move plaintiff's building as he had agreed to do, and for the sum of $135, plaintiff employed one Lunke to do the work, agreeing to pay him $190 therefor, "which appears to be the lowest price plaintiff could procure it to be done for."   Counsel for defendant (appellant) contends not only that the finding was insufficient to justify a conclusion of law that plaintiff was damaged in the sum of $55 by reason of his client's failure to perform, but that it was not supported by the evidence.

[1] Reported in 61 N. W. 1132.

We cannot agree with counsel in the claim. Although not artistically drawn, the finding is equivalent to a finding that the reasonable cost or expense incurred by plaintiff in carrying out defendant's contract after he had abandoned it was $190. When there is a total failure to perform a contract of this nature, the plaintiff may recover the difference between the contract price and the cost or expense of carrying out its provisions. He is entitled in any case to the difference in value. He cannot increase this by the neglect of reasonable precautions. But, on the other hand, he is not under obligation to take the burden off the defendant's shoulders, by executing the contract himself, on better terms than the contract calls for. 2 Sedg. Dam. § 617, and cases cited. See, also, King v. Nichols & Shepard Co., 53 Minn. 453, 55 N. W. 604. The finding was supported by the evidence. When about to enter into a contract for the removal of the building, which plaintiff had bought under an agreement to remove it from the land on which it stood before a certain day, and of this defendant was advised, he called for bids. Three were received, defendant's ($135) being the lowest, and Lunke's ($200) the next highest. The contract was awarded to defendant. The evidence was ample to sustain the finding that defendant neglected, failed, and really refused to commence work. The plaintiff persistently importuned him to begin, and at the last minute informed him that if he delayed longer Lunke's bid would be accepted. Finally the plaintiff contracted with Lunke agreeing to pay him $190, or $10 less than his bid. The plaintiff acted with reasonable care and prudence and in good faith when letting the contract to Lunke. From these circumstances it clearly appears that the reasonable cost or expense of moving the building was what he agreed to pay Lunke, and that this amount was what he necessarily had to pay to get the work done.

Order affirmed.