WILLIAM R. THOMSON, PLAINTIFF IN ERROR, *v.* CEN-
TRAL PASSENGER RAILWAY COMPANY, DEFENDANT
IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

1. A corporation is not chargeable with information casually ob-
tained by a director when he is not officially engaged for the
corporation from the mere fact of the director's knowledge.
2. The president of the defendant company, without authority from
it, entered into an agreement in the name of the company with
Jordan, which agreement was assigned to the plaintiff, for the
delivery of a certain amount of bonds of the company, or a sum
of money in case of the non-delivery of the bonds, in considera-
tion of the bringing about of the settlement of certain legal pro-
ceedings pending against said company. There were six directors
besides the president. The only evidence offered to prove knowl-
edge on the part of the company was that the president showed
it to one director before execution, who objected to it, and that
the plaintiff's attorney, meeting another director, casually re-
ferred to the agreement. *Held*, that this was insufficient to
charge the defendant with such knowledge as to impute a rati-
fication of or acquiesence in this agreement and that the direction
of a verdict for the defendant was proper.

On error to the Atlantic County Circuit Court.

For the plaintiff in error, *Chandler & Robertson, McCarter
& English* and *H. Starr Giddings.*

For the defendant in error, *Thompson & Smathers* and
*Gilbert Collins.*

The opinion of the court was delivered by

TREACY, J. The suit is based upon a writing purporting
to be an agreement of the defendant by which it agreed with
one Jordan, in consideration of his procuring the dismissal of
certain suits then pending against it, to pay to Jordan or his
assigns the sum of $10,000 in the first mortgage bonds of the
defendant company immediately upon the issue of said bonds
and to pay to said Jordan or his assigns said sum of $10,000
within one year from date in the event the bonds should not

778    COURT OF ERRORS AND APPEALS.

Thomson v. Central Pass. Ry. Co.    *33 N. J. L.*

be created and issued as aforesaid. Jordan assigned the agreement to one Sweigard, who, in turn, assigned to the plaintiff herein. The court below directed a verdict for the defendant on the ground that the agreement, which is the foundation of the suit, is not the agreement of the defendant by direct authorization or ratification thereof.

The defendant obtained a franchise to lay a railway track along Virginia avenue, in Atlantic City. Two owners of property abutting on said avenue, as well as the People's Traction Company, another street railway company, in Atlantic City; brought various suits and proceedings against it in the courts of law and equity in this state and had succeeded in tying up the proposed improvement by restraining orders. In this posture of affairs the agreement sued upon was entered into. It was signed by the president and secretary and had the corporate seal attached.

The case was in this court before (51 *Vroom* 330), and it was held that a verdict for the defendant should have been directed on the ground that "the undisputed evidence shows that the agreement is not the agreement of the company either by direct authorization or by any ratification thereof." Mr. Justice Garrison, writing the opinion, said: "The agreement that was the basis of the action was of a peculiar character and not in the ordinary course of the defendant's business. * * * Obviously, such an agreement, in order to bind the corporation, must be its act either by its corporate action or by its ratification or acquiescence or because made by its authorized agent. In point of fact, the agreement was made by the president in the name of the corporation, but without its authority or the knowledge of its other directors." In order to meet this criticism the plaintiff, upon the new trial of the case, attempted to show knowledge of the agreement on the part of the directors of defendant upon the theory, apparently, that such knowledge would have presented a case for the jury on the question of ratification or acquiescence. The testimony of two of the witnesses at the former trial was read by consent. The remaining testimony from which it is attempted to prove knowledge of the agreement on

the part of the directors was that of the attorney for the plaintiff who testified that he met one of the directors (Lowrey) after the agreement, he couldn't remember where, and "referred to the contract and told him we expected to get our settlement at the end of the year, and he said to me, 'I hope you will,'" and the testimony of the defendant's president who said that before delivering the agreement he brought it to Kuehnle, a director who angrily objected to it, and refused to have anything to do with it. There were seven directors of the company. It does not appear that three of them ever knew of the agreement, while another, the secretary, who attested the signature of the president, did so as a mere formality without knowing what the agreement contained, a fifth objected to the execution of it and refused to have anything to do with it, while the only information which the sixth and only other director besides the president appears to have had was a casual remark made by the attorney for the plaintiff to him on the street or elsewhere.

This evidence did not prove knowledge of the transaction upon which a ratification of, or acquiescence in, an unauthorized act of an officer can be imputed to a corporation.

The remark made by plaintiff's attorney to Lowrey, who does not appear to have been active in the business of the company, and who was one of a number of directors, was not notice to an officer in the course of his duties. He might not have given the matter any further thought; he might have thought it referred to a matter which had been regularly acted upon by the other directors in his absence. The information was not communicated by him to the other members of the board.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 10.

*For reversal*—THE CHANCELLOR, MINTURN, WHITE, JJ. 3.