ALBERT J. DICKINSON v. CITIZENS ICE & FUEL COMPANY.
ELIZABETH G. DICKINSON v. SAME.[1]

January 11, 1918.

Nos. 20,649, 20,650.

**Stipulation — motion to vacate because improvidently made.**

1. Upon the showing made it cannot be held that the court below erred when denying defendant's motion to vacate a stipulation for settlement of the causes of action on the ground that it was improvidently made.

**Corporation — ratification of stipulation.**

2. The circumstances leading up to the making of the stipulation and the subsequent conduct of the majority of the directors of the defendant, were such that the court might find a ratification thereof even though it was not signed by defendant's attorney, but by its president and secretary at the direction of such attorney, and even though the president and secretary were not directed, at a legally called meeting of the board of directors, to execute it.

Two actions in the district court for Ramsey county to recover $1,100 and $2,750, respectively.   The facts are stated in the opinion.   Defend-

[1]Reported in 165 N. W. 1056.

ant's motion to set aside a stipulation of settlement for the reason stated at the end of the second paragraph of the opinion was denied, Michael, J. From the order denying its motion and from the judgment entered pursuant to the stipulation, defendant appealed. Affirmed.

*James Manahan,* for appellant.

*Kenneth G. Brill,* for respondents.

HOLT, J.

Defendant appeals in two cases from the orders denying its motion to vacate a stipulation for judgment and from the judgments entered pursuant to the stipulation. The cases are precisely alike, except as to the amounts involved, and are treated as one appeal.

In August, 1916, plaintiffs began their suits, alleging fraud in the sale of certain shares of defendant's capital stock, and asking for a rescission of the sale and a return of the purchase money. The defense was a general denial and a ratification of the sale after discovering the true situation. The actions were reached for trial early in May, 1917. Prior thereto the attorneys for the respective parties had had negotiations looking towards a settlement, which culminated in an agreement as to the terms thereof on the day of trial. Thereupon the cases were stricken from the calendar, and plaintiffs' attorney, pursuant to the agreement prepared, signed and gave a stipulation embodying the terms thereof to defendants' attorney, who took it to the defendant, a corporation, for signature. Defendant's name was affixed and attested by the president and secretary of the corporation. The stipulation provided for the payment to plaintiffs of specified sums of money before July 1, 1917, and the return to it of the stock sold. If such sums were not paid before that date, judgments were to be entered as prayed in the complaints. The money was not paid on the date set, but defendant, through its attorney, then assured plaintiff's attorney that its directors would arrange to raise and pay the same, if a few days additional time was granted. The request was complied with and promises renewed that the money would be directly forthcoming, until July 14, 1917, when defendant appeared by another attorney with motions to vacate the stipulation because improvidently made and because its board of

directors had not authorized the execution thereof. The motions were denied and the judgments entered.

There is no question but that the stipulation was made between the attorneys in good faith, and no fraud or collusion is hinted at. The standing of the attorney, who then represented defendant and who corroborates plaintiffs' attorney as to the facts and circumstances connected with the making of the stipulation and the endeavors of defendant to comply with its provisions, excludes every inference of undue advantage or the possibility that there was not a thorough understanding of the subject matter of the settlement and its terms. Hence, the trial court's conclusion that the stipulation was not improvidently entered into cannot be disturbed by us.

We are also of the opinion that the court below did not err when refusing to vacate the settlement because unauthorized. The president of a corporation is presumed to take charge of its litigation and to employ the necessary legal aid. 7 R. C. L. 631. The stipulation here signed relates to such controversies as any corporation may be called upon to meet in court. In 8 Thompson, Corp. § 1462, it is said: "In the absence of proof to the contrary there is a general presumption that the president has authority to represent the corporation in the execution of ordinary contracts." Defendant appears to be a business corporation. Not infrequently the executive officers of such corporations are its general managers. We are not informed by any article of incorporation, by-law, or practice in whom the active management of defendant is lodged. But it does appear that before the stipulation was executed it was considered and approved by a majority of the board of directors in meeting assembled, and after consultation with the able attorney who was in charge of the defense. It is true, this meeting is termed illegal because not called as specified in a by-law. But a majority of the directors were there, and all present evidently considered it a proper meeting at which to authorize the settlement. Plaintiffs and their attorney were so led to believe. When the time for the payment of the stipulated sums arrived the directors met, though not as a board, and personally tried to raise the money needed, requesting plaintiffs to delay entering the judgments at the agreed time. The request was granted.

Even were it conceded that the chief executive officers of defendant had no power to sign the stipulation without express authority from the board of directors granted at a duly called meeting, the conduct of the individual directors with full knowledge of what had been done may amount to ratification. It was for the court below to pass upon the truthfulness of the affidavits of the two (of the nine) directors who claimed to have had no knowledge of the settlement until July, 1917. Either these two directors took no active part in the business, or else it was the practice of the corporation to leave the management to its executive officers. But, however that may be, it is undoubtedly true that a majority of the directors with full knowledge of the situation, upon competent legal advice and after ample time for consideration, directed the execution of the stipulation. What they as individuals knew in attempting to carry on the business of the corporation, the corporation also must be held to know. Instead of taking immediate steps to repudiate what the president and secretary had done, these individual directors acquiesced therein for over a month, and then procured from plaintiffs additional time within which to carry out its terms. Such conduct should now preclude the corporation from asserting want of authority in the president and secretary to execute the stipulation. The following authorities sustain this view: 8 Thompson, Corp. § 1485; Henry v. Colorado Land & Water Co. 10 Colo. App. 14, 51 Pac. 90; Indiana Die-Casting Develop. Co. v. Newcomb, 184 Ind. 250, 111 N. E. 16; Nelson-Bethel Clothing Co. v. Pitts, 141 Ky. 242, 132 S. W. 430; Omaha Consol. Vinegar Co. v. Burns, 49 Neb. 229, 68 N. W. 492; Walworth County Bank v. Farmers' Loan & Trust Co. 16 Wis. 658; Ford v. Hill, 92 Wis. 188, 66 N. W. 115, 53 Am. St. 902; Owyhee Land & Ins. Co. v. Tautphas, 121 Fed. 343, 75 C. C. A. 557; Indianapolis Rolling Mill v. St. Louis, F. A. S. & W. R. 120 U. S. 256, 7 Sup. Ct. 542, 30 L. ed. 639. In Bank of U. S. v. Dandridge, 12 Wheat. 64, 83, it is said: "A board may accept a contract, or approve a security by vote, or by a tacit or implied assent." The same principle is recognized in Thompson v. Central Passenger Ry. Co. 83 N. J. Law, 777, 85 Atl. 201, but the facts there were held to fall short of showing ratification.

Another feature of the case would seem to conclude defendant on this appeal. It is elementary that a party cannot accept the benefits of an unauthorized contract, and at the same time repudiate it. In one of the affidavits in support of the motion to vacate the stipulation the secretary states, in substance, that, although he was opposed to settling the litigation by the stipulation, he deemed it necessary for the continued existence of defendant that these actions should not then be tried. Thus defendant by means of the settlement obtained an advantage of admitted value to it. That being so, it should not now be allowed to place plaintiffs at a disadvantage. Michigan Cent. R. Co. v. Chicago K. & S. Ry. Co. 132 Mich. 324, 93 N. W. 882; Scott v. Middletown, U. & W. R. Co. 86 N. Y. 200; Pittsburgh, C. & St. L. R. Co. v. Keokuk & H. Bridge Co. 131 U. S. 371, 9 Sup. Ct. 770, 33 L. ed. 157.

Our conclusion is that the orders and judgments must be affirmed. So ordered.