## CITY OF ST. PAUL v. C. BIELENBERG.[1]

July 3, 1925.

No. 24,515.

**Abutter's agreement to grade street supported by consideration.**

1. Defendant owned or controlled the property abutting on both sides of a street. Underlying the property and the street was merchantable limestone. He was quarrying the lots. The city agreed that he might remove the stone in the street and dispose of it to his own use; and he agreed in turn to grade the street to the established grade. *Held* that there was a consideration for his agreement.

**Executed contract not ultra vires.**

2. The defendant pursuant to the contract removed the stone and used it. *Held* that he cannot claim now that his contract was ultra vires the city.

**Measure of city's damages.**

3. The measure of damages applied is the contract measure. The plaintiff should recover the reasonable cost of doing what the defendant agreed to do but did not do. He is not relieved of damages because the grading of the street, in accordance with his agreement, would not have benefited the city.

**Subsequent change of grade did not release defendant.**

4. The change of grade of the street after the breach did not relieve the defendant of liability for damages.

**Refusal to permit amendment to answer correct.**

5. There was no error in refusing an amendment to the answer pleading the statute of limitations.

1. See Municipal Corporations, 28 Cyc. p. 848 (Anno).
2. See Municipal Corporations, 28 Cyc. p. 674.
3. See Municipal Corporations, 28 Cyc. p. 1062 (Anno).
4. See Municipal Corporations, 28 Cyc. p. 1062 (Anno).
5. See Limit of Actions, 37 C. J. p. 1228, § 740; Pleading, 31 Cyc. pp. 401, 427.

[1] Reported in 204 N. W. 544.

Action in the district court for Ramsey county for breach of contract. The case was tried before John B. Sanborn, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*O. E. Holman,* for appellant.

*Carlton F. McNally* and *Eugene M. O'Niell,* for respondent.

DIBELL, J.

Action to recover damages for the defendant's breach of his contract to grade a street. There were findings for the plaintiff for $8,250. The defendant appeals from the order denying his motion for a new trial.

The court found that on August 7, 1906, the defendant entered into a written contract with the plaintiff city "to grade Livingston Avenue to the established grade from George Street to Winifred Street" in St. Paul, the work to be completed by August 1, 1909. The making of the contract is denied in the pleadings. The contract produced at the trial was executed by the plaintiff, but not signed by the city. We do not understand it to be seriously contended that the contract was not made; and anyway the finding of the trial court that the contract was made could not have been otherwise.

1. It is seriously urged that there was no consideration for the contract.

The defendant owned a part and controlled the rest of the land on both sides of Livingston avenue between George and Winifred streets. It was underlaid with merchantable limestone. He was quarrying on both sides. The removal of the stone from the avenue convenienced his operation and the stone was of value. The contract gave him "permission to remove and dispose of said stone for their [his] own use and benefit." The abutting owner owns to the center of the street. Though the underlying stone did not belong to the city, it had the right to use it in improving or repairing the street, and the defendant did not have the right to put it to a use incompatible with the use of the street, or to disturb the established grade. Althen v. Kelly, 32 Minn. 280, 20 N. W. 188; Rich

v. Minneapolis, 37 Minn. 423, 35 N. W. 2, 5 Am. St. 861; Viliski v. Minneapolis, 40 Minn. 304, 41 N. W. 1050, 3 L. R. A. 831; Town of Glencoe v. Reed, 93 Minn. 518, 101 N. W. 956, 67 L. R. A. 901, 2 Ann. Cas. 594; Town of Rost v. O'Connor, 145 Minn. 81, 176 N. W. 166; Pederson v. City of Rushford, 146 Minn. 133, 177 N. W. 943. The city gave something and the defendant got something and there was a consideration for the contract.

2. The defendant urges that the contract was ultra vires the city. The claim is that it was bad in form and substance and without the authority of the city. Whether it was capable of enforcement originally is not now the controlling factor in the case. In some features the case resembles, and in other respects is distinguished from, Althen v. Kelly, 32 Minn. 280, 20 N. W. 188, where the taking of stone from a street by a third person not the abutting owner, under authority given by the city, was enjoined upon the ground that the city could not give such authority rightfully. The contract here involved was executed so far as the city could execute it; that is, the defendant was permitted to remove and did remove the underlying stone and used it. He received under the contract all he was to have. All that is lacking to the completion of the contract is his performance; and he cannot successfully urge want of power in the city now. See generally Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 13 L. R. A. (N. S.) 793, 120 Am. St. 621; Minneapolis v. Republic Creosoting Co. 161 Minn. 178, 201 N. W. 414; Dickinson v. Citizens I. & F. Co. 139 Minn. 201, 165 N. W. 1056. The defendant, as indicated in his letter quoted later, has conceded all along his duty to grade.

3. The measure of damages for the defendant's breach of his contract by a total failure to perform is the cost of performance. Carli v. Seymour, S. & Co. 26 Minn. 276, 3 N. W. 348; Winona v. Jackson, 92 Minn. 453, 100 N. W. 368; Paine v. Sherwood, 21 Minn. 225; Anderson v. Nordstrom, 60 Minn. 231, 61 N. W. 1132.

It is urged by the defendant that his failure to perform his contract has not harmed the city, for, as he claims and as is perhaps true, the grading from Winifred street to George street will not

be of use on account of the topography of the vicinity until the avenue is graded to Congress street. The action is on contract. The measure of damages is the contract measure. The plaintiff was entitled to that for which it contracted. It is no defense that it contracted for something which is not now beneficial to it. The rule as to mitigation of damages, as stated in 17 C. J. 926-927, §§ 224-225, and cases there cited, is without application here.

4. The grade of Livingston avenue was established in 1885 and was substantially that of the surface level of the ground. The stone was two feet underneath. In 1910, three years after the execution of the contract, and after its breach, the city lowered the grade materially. The defendant, as indicated by his letter quoted in the paragraph following, always admitted an obligation resting upon him but disagreed with the council as to when it should be performed.

The defendant seems to claim that if there was a duty to perform it had reference to the 1885 grade. The cost of construction of the 1910 lower grade was $8,250 and at the 1885 grade it was $5,000 more. The recovery was $8,250, the cost at the lower grade, and the defendant cannot complain.

5. There was no error in denying the defendant's motion to amend the answer by pleading the statute of limitations. It was made practically at the close of the testimony. The case was not tried upon the theory that the statute was a bar; quite the other way. The defendant throughout conceded his obligation but thought the street should not be graded until the whole street from George to Congress could be graded. His attitude is indicated in a letter written in 1920 in response to one from the city attorney as follows:

"I am not in any way attempting to evade my duty in this matter, but it appears to me that it would be inadvisable for me to grade Livingston avenue from George street to Winifred street until the street is graded from Winifred street to Congress street. The grading only of the portion of the street which I agreed to do in my contract would be of absolutely no service to any one, and

I suggest that the matter be allowed to rest until such time as the whole street from George to Congress can be graded."

Order affirmed.